NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALINA KORSUNSKA,

Plaintiff-Appellant,

v.

KEVIN K. MCALEENAN, Acting
Secretary of Homeland Security,

Defendant-Appellee.[1]

No.   16-55296

D.C. No.
2:14-cv-06056-CAS-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 9, 2019[**]
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

---

[1] Kevin K. McAleenan has been substituted for his predecessor, Jeh Charles
Johnson, under Fed. R. App. P. 43(c)(2).

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Alina Korsunska appeals the district court's grant of summary judgment on her claim alleging unlawful retaliation by her former employer, the Department of Homeland Security ("DHS"), in violation of Title VII of the Civil Rights Act. *See* 42 U.S.C. §§ 2000e-3, 2000e-16. Reviewing de novo, *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010), we affirm.

We need not decide whether Korsunska made a prima facie showing of retaliation because, even viewing the record in the light most favorable to her, she lacks evidence to create a genuine dispute whether DHS's asserted legitimate reason for its failure to purge from her electronic and hard-copy personnel files the Standard Form 50 ("SF 50") indicating that she had been terminated was pretextual.[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Munoz*, 630 F.3d at 865-66. DHS contends that this allegedly retaliatory action was a mere administrative oversight, and the record would not permit a reasonable jury to determine that such an explanation is "unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Korsunska's theory of pretext depends on two inferences. First is the

---

[2] Korsunska argues that the district court should not have reached this question because the parties did not brief it. But DHS did brief it—DHS argued in its reply brief on its motion to dismiss that Korsunska could not establish a genuine question whether its actions were pretextual, and Korsunska filed a sur-reply in which she declined to respond to this argument. In any event, Korsunska does not identify any additional arguments she would have made in the district court regarding pretext if the sequence of briefing had been different.

inference that DHS would have chosen to retaliate against Korsunska by leaving both the original and corrected forms in her electronic and hard-copy personnel folders, rather than by simply failing to add the corrected form in the first place. Second is the inference that, after it deleted the original form from her electronic personnel folder, DHS expected other federal agencies would access Korsunska's hard-copy personnel folder, where the original SF 50 remained, and thus left the form in that folder to retaliate against Korsunska. But Korsunka has offered no direct or circumstantial evidence that makes either inference reasonable. On the contrary, DHS's actions are consistent with its contention that the original SF 50 was not purged from Korsunska's files due to administrative errors. In particular, DHS immediately complied with the settlement agreement by generating a new SF 50 showing that Korsunska had resigned, and it then purged the original SF 50 from her electronic official personnel folder *of its own accord* after discovering two years later that the form remained there in error. DHS also presents evidence that federal agencies generally access electronic versions of personnel files, and Korsunska offers no competent evidence to support her speculation that any potential employer would have consulted the hard-copy records where the incorrect SF 50 remained. Given that DHS took steps to comply with the settlement agreement and voluntarily corrected its mistake in the electronic file even before Korsunska brought the error to the agency's attention, no reasonable

jury could conclude that it was actually attempting to retaliate and that its professed explanation was therefore pretextual.

**AFFIRMED.**